**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-98

UNITED STATES TAX COURT

JOHN PEJOSKI, Petitioner, AND STACY PEJOSKI, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25428-11S.                    Filed September 23, 2014.

John Pejoski, pro se.

Gloria M. Juncadella, for respondent.

SUMMARY OPINION

WHALEN, Judge:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

This is an appeal from the final Appeals determination issued to petitioner on September 28, 2011, in which the Office of Appeals of the Internal Revenue Service allowed him partial relief from joint and several liability pursuant to section 6015(b) with respect to his joint return for taxable year 2008. The issue for decision is whether petitioner is entitled to partial relief from joint and several liability under section 6015(b) for taxable year 2008.

## Background

Some of the facts in this case were stipulated by the parties and are so found. Specifically, petitioner and respondent executed a stipulation of facts that was taken into evidence, except for paragraphs 11, 12, 13, and 17. Intervenor orally stipulated paragraphs 1 through and including 10, 14, 15, 16, and 18, through and including 21 of the stipulation of facts.

Petitioner and intervenor were married and living together at the time they filed a joint return of their Federal income tax for taxable year 2008. They separated on or about September 29, 2010, and they were divorced on June 28, 2011.

Shortly before they separated, on September 20, 2010, respondent issued a notice of deficiency to petitioner and intervenor in which respondent determined a deficiency of $3,038 in the income tax reported on their joint return for 2008. The tax deficiency was based upon unreported cancellation of indebtedness income from two sources: an unpaid balance of $888 from a credit card issued by Chase Bank USA, and an unpaid debt of $9,056 from a home equity loan that had been extended by GMAC Mortgage, LLC.

Neither petitioner nor intervenor filed a petition for redetermination of the deficiency in this Court. Accordingly, on or about February 7, 2011, respondent assessed the deficiency.

Shortly thereafter, on March 4, 2011, petitioner filed a Form 8857, Request for Innocent Spouse Relief. In that request, petitioner alleged that intervenor had obtained a home equity loan by forging his signature and that the loan was later canceled after intervenor failed to pay it. He also alleged that the matter was then under investigation by the Ocean County Prosecutor's Office along with several other forgeries committed by intervenor.

On December 8, 2011, intervenor was indicted for third-degree theft by deception by the Ocean County Prosecutor's Office in Ocean County, New Jersey. The indictment states that intervenor

> purposely did obtain the property of Homecomings Financial
> Network, Inc., a GMAC company, and/or John Pejoski [petitioner],
> having an approximate value in excess of $500.00, by deception, that
> is by creating or reinforcing the false impression as to the execution
> of the mortgage documents letters and checks that is by signing
> and/or issuing the same in the name of John Pejoski without his
> knowledge, contrary to the provisions of N.J.S.A. 2C:20-4.

The Ocean County Prosecutor's Office also indicted intervenor on two counts of obtaining controlled dangerous substances by fraud in violation of N.J. Stat. Ann. sec. 2C:35-13 (West 2005).

It appears that the criminal prosecution of intervenor on the charge of third-degree theft by deception was postponed after intervenor's application for admission to the statewide Pretrial Intervention Program (PTI) was accepted. See generally, id. sec. 2C:43-12 (West 2005 & Supp. 2014). The PTI is a program under which certain individuals who have not previously been convicted of any criminal offense may seek to avoid ordinary prosecution by receiving early rehabilitative services or supervision. Id.

Intervenor entered the PTI with respect to the theft by deception charges and other charges. She was assigned to the program for 24 months beginning on April 22, 2013. The prosecution of intervenor's offenses was postponed, and she was placed under the supervision of a probation officer. See generally id. sec. 2C:43-12 and 13.

Discussion

Section 6015(b)(1) authorizes the Secretary to grant relief from joint and several liability with respect to an understatement of tax on a joint return, otherwise imposed by section 6013(d), if the taxpayer satisfies each of the following requirements:

> (A) a joint return has been made for a taxable year;

> (B) on such return there is an understatement of tax attributable to erroneous items of 1 individual filing the joint return;

> (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;

> (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

> (E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election * * *

Respondent concedes that, as to petitioner, each of the above requirements is satisfied with respect to the understatement, as defined by section 6662(d)(2)(A), attributable to the cancellation of indebtedness income from (1) the credit card debt of $888 that was forgiven by Chase Bank USA during 2008, and (2) the mortgage indebtedness of $9,056 that was forgiven by GMAC Mortgage,

LLC, during that year.  Accordingly, respondent concedes that petitioner is entitled to relief under section 6015(b) from liability with respect to the understatement on the joint return that he filed with intervenor for 2008.

Intervenor disagrees.  She testified that petitioner executed the mortgage agreement and shared the proceeds of the loan.  She also testified that petitioner knew of, and benefited from, the credit card indebtedness, contrary to his testimony.  We do not credit intervenor's testimony.  We found her testimony to be vague, self-serving, and not supported by the record.

On the other hand, we found petitioner's testimony to be credible. Petitioner testified that he did not sign the mortgage documents or authorize anyone to sign those documents on his behalf.  He testified that he did not know of the existence of the mortgage loan or the cancellation of the indebtedness from that loan until late 2010, after the time his joint return for 2008 was filed.  He testified that he did not share in the proceeds of that loan or benefit from the loan. Petitioner also testified that he was unaware of the credit card from Chase Bank until after the investigation of the mortgage loan and that he did not have access to that credit card or benefit from it.  Finally, petitioner testified that he did not learn that indebtedness from the Chase credit card had been canceled until after his joint return for 2008 was filed.

On the basis of the record in this case, we agree with respondent that petitioner has established that he has met each of the requirements of section 6015(b)(1) with respect to the understatement of tax for petitioner's joint return for taxable year 2008.  Accordingly, we agree with respondent that petitioner is entitled to partial relief from joint and several liability pursuant to section 6015(b) with respect to his joint return for taxable year 2008.

To reflect the foregoing,

An appropriate decision will be entered.